UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY OWNER'S ASSOCIATION, INC., a Florida corporation

   Plaintiff,

v.              Case No:   2:15-cv-371-FtM-38CM

JANE B. ROBINSON, ALBERT M. ROBINSON and LISA SPADER PORTER,

   Defendants.
_____/

### ORDER[1]

   This matter comes before the Court on Defendant's Notice of Removal (Doc. #1) filed on June 22, 2015.  Plaintiff Section 23 Property Owner's Association, Inc. filed an amended complaint against Defendants Jane B. Robinson, Albert M. Robinson, and Anita Robinson, on or about June 15, 2015, in the County Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. #2).  Now, Defendant Albert M. Robinson filed a Notice of Removal to the United States District Court for the Middle District of Florida – Fort Myers Division – pursuant to federal question jurisdiction.  (Doc. #1).  For the reasons that follow, the Court will require Defendant Albert M. Robinson to show cause.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Standard**

Federal courts are courts of limited jurisdiction and are obligated to inquire about its jurisdiction *sua sponte* whenever it may be lacking. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A district court has proper jurisdiction over a matter if federal question or diversity jurisdiction exists. 28 U.S.C. §§ 1331–32. In an action removed to federal court, the removing defendant bears the burden of establishing federal jurisdiction. Moreland v. SunTrust Bank, 981 F.Supp.2d 1210, 1211 (M.D. Fla. July 15, 2013) ("As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.") (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010); Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003)). Courts determine if it has federal jurisdiction by reviewing the initial pleadings and notices of removal. 28 U.S.C. § 1446(b).

**Discussion**

The determination of whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations. Lowery v. Alabama Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007). Jurisdictionally, removal is governed by Title 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. Procedurally, removal is governed by Title 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal. Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. Burns v. Windsor Insur. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of proving that federal jurisdiction exists

by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

With regard to the § 1441 jurisdictional requirements, the Court finds that removal was improper. Defendant Albert M. Robinson avers that the Court retains subject matter jurisdiction over this action on the basis of federal question jurisdiction. A review of the operative Complaint, however, reveals that there is no claim brought pursuant to federal law. (Doc. #2). This is problematic because the Supreme Court has found, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

Because there is no federal question presented in the operative Complaint, it is unclear whether the Court has proper jurisdiction to facilitate this case. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal") (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)). The Court will therefore require Defendant Albert M. Robinson to show cause as to how this Court retains subject matter jurisdiction over this action on the basis of federal question jurisdiction. See *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Failure to do so will result in the action being remanded to the Florida state court.

Notwithstanding the jurisdictional analysis above, the Court also finds that Defendant Albert M. Robinson failed to comply with the § 1446 procedural requirements. In order to remove an action to federal court, all defendants must consent to the removal. 28 U.S.C. § 1446(b)(2)(A). A review of the Notice of Removal illustrates that Defendant Albert M. Robinson failed to receive the consent of all other Defendants, including Jane B. Robinson and Anita Robinson, before filing the Notice. (Doc. #1). Without such consent, removal of this action to this Court was improper.

The Court would also like to take this time to note that Defendant Albert M. Robinson appears to have failed to pay the requisite filing fee for this action. Nor has he filed a motion to proceed *in forma pauperis*. Even if Defendant Albert M. Robinson is able to illustrate that the Court maintains subject matter jurisdiction over this action, failure to pay the requisite filing fee or file a motion to proceed *in forma pauperis* will result in this action being dismissed.

Accordingly, it is now **ORDERED:**

Defendant Albert M. Robinson shall **SHOW CAUSE** on or before **July 6, 2015,** as to why this case should not be remanded for failure to establish subject matter jurisdiction based on the presence of federal question jurisdiction *at the time of removal* and for failure to receive consent of all other Defendants before removing this action. Failure to comply with this Order will result in this matter being remanded without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record