UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECTION 23 PROPERTY OWNER'S ASSOCIATION, INC., a Florida corporation

       Plaintiff,

v.                           Case No.: 2:15-cv-371-FtM-38MRM

JANE B. ROBINSON, ALBERT M. ROBINSON, ANITA ROBINSON, DAVID KEITH OAKS, ANDREW GEORGE KONTOS, HARVEY GOLDSTEIN, KAREN LYNN PERRY, RONALD EVERETT WOODS and JOSEPH WILFRED HARRIS,

       Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Albert Robinson's Motion for reconsideration (Doc. 23) of an order from 2015 that remanded this action to state court (Doc. 10). The Court denies the Motion.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Section 23 Property Owners Association, Inc. sued in state court. Robinson removed based on a federal question and diversity. (Docs. 1; 7). Yet the Complaint lacked a federal claim and the later federal counterclaims filed by Robinson did not confer jurisdiction. (Docs. 2; 8). Without subject-matter jurisdiction, the Court remanded this action to state court. (Doc. 10). Robinson appealed, but the Eleventh Circuit dismissed sua sponte for lack of jurisdiction. (Doc. 22). Almost six years later, Robinson asks the Court to reconsider remand.

## LEGAL STANDARD

The decision to grant a motion for reconsideration is within the sound discretion of the trial court. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Courts delineated three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted).

Reconsideration "is an extraordinary remedy and a power to be 'used sparingly.'" *Santamaria v. Carrington Mortg. Servs., LLC*, No. 6:18-cv-1618-Orl-41TBS, 2019 WL 3537150, at *2 (M.D. Fla. July 10, 2019) (citation omitted). And the burden is on "the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of*

*Hillsborough Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).  The motion "must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Santamaria*, 2019 WL 3537150, at *2 (citation omitted).

## DISCUSSION

Robinson doesn't specifically argue for a change in law, new evidence, clear error, or manifest injustice.  In fact, many of Robinson's arguments are scattered throughout his previous filings.  So the Court will focus on matters not previously raised.  *E.g.*, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (cleaned up)).

To start, the Court has no jurisdiction to reconsider the remand order. Robinson argues that this Court has retained jurisdiction all these years "because no order was sent by Certified Mail." (Doc. 23 at 15).  Robinson misses the mark.  "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court."  28 U.S.C. § 1447(c).  Robinson takes this to mean the order must be sent by certified mail.  But the statute does not require certified mailing—it just requires a certified copy.  Neither Robinson nor the Court located any cases that would support reading a phantom certified mailing requirement into the statute.

To the extent that Robinson argues the remand order was never mailed at all, such contention fails.  As the docket shows, the Clerk mailed certified copies to the state court on July 9, 2015.  Part of Robinson's confusion may be that CM/ECF does not show ministerial events like Clerk's Office mailings on the publicly viewable docket.  But the full docket clearly states, "CERTIFIED COPIES mailed to Clerk of The Circuit Court, 20th Judicial Circuit, Charlotte County, Florida."  Correspondingly, the state-court docket reflects the receipt of the certified remand order on July 13, 2015.[2]  And Robinson attaches a copy of the certified remand order, which is marked as filed in state court.  (Doc. 23-1 at 6-13).  There were two docket entries in state court for the certified remand order (Robinson attaches both): one for the hard copy sent by the Clerk and another for an e-mailed copy.  The physical copy was from this action, satisfying the statute.  The e-mailed copy was misfiled in Robinson's separate action (2:15-cv-261) that had already been remanded to the same state-court action.  So the Court struck it and the Clerk e-mailed a copy along with a printout of the endorsed order striking it from the other case.  (Doc. 23-1 at 9).  Yet this e-mailed copy of a misfiled order in another matter does not somehow impact the Clerk's mailing of the certified remand order in this action.  So Robinson's argument falls flat, and this Court has no jurisdiction to reconsider.

---

[2] The state case is in Charlotte County, and its number is 14-601-CC.

There is a split of authority over whether a federal court is divested of jurisdiction when it enters a remand order or when the clerk mails it. To date, the Eleventh Circuit has not weighed in. Defendant relies on a line of cases holding the mailing of a certified copy of the remand order divests the federal court of jurisdiction. *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005).[3] That view is not without detractors. Some courts hold that filing the remand order—rather than the clerical act of mailing—divests jurisdiction. *In re Lowe*, 102 F.3d 731, 734-35 (4th Cir. 1996).[4] Yet this Court need not enter the fray. Regardless of the answer, the Court was obviously divested of jurisdiction by the time the Clerk mailed the certified remand order. *E.g.*, *Shapiro*, 412 F.3d at 312 ("Section 1447(d) establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end.").

Even if the Court could reconsider remand, there is no reason to do so. The Court held there was no subject-matter jurisdiction from the Complaint, and Robinson's counterclaims did not impact that fact. It is beyond settled law that counterclaims cannot serve as the basis for federal subject-matter

---

[3] *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355-56 (3d Cir. 2013); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Cook v. J.C. Penney Co.*, 558 F. Supp. 78, 79 (N.D. Iowa 1983).

[4] *In re Nilhan Hospitality, LLC*, No. 15-bk-0344, 2021 WL 856044, at *2-3 (Bankr. M.D. Fla. Mar. 4, 2021); *Aceves v. Nw. Iowa Pork*, No. C19-4030, 2021 WL 609265, at *3 (N.D. Iowa Feb. 17, 2021); *Van Ryn v. Korean Air Lines*, 640 F. Supp. 284, 285 (C.D. Cal. 1985).

jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). To pursue his counterclaims here, the Court correctly noted Robinson "must explore whether he can do so as a separate, independent action, not on removal of a state court action with no federal claims." (Doc. 10 at 2).

Nor did Robinson's argument for diversity change the outcome. Robinson never tried to identify the citizenship of one Defendant (Anita Robinson). And he never made the necessary showing for amount in controversy. When, as here, a complaint did not specify an amount in controversy, the removing party must establish the dispute "more likely than not" passes the jurisdictional minimum. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). Yet Robinson never provided more than his conclusory statement the amount in controversy exceeded $75,000. That was insufficient. *Id.* ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").

As this Court was—and still is—without subject-matter jurisdiction, the Motion must be denied.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Reconsideration (Doc. 23) is **DENIED**.

(2) Defendant's Motion for Hearing (Doc. 24) and Motion for Court

Appointed Counsel (Doc. 26) are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 15, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record